977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Teresa BONILLA-GUILLEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivan LINAREZ-RAYGOZA, Defendant-Appellant.
 Nos. 91-50111, 91-50117.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1992.
Decided Oct. 2, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Bonilla-Guillen and Linarez-Raygoza were convicted after a jury trial of conspiracy in violation of 18 U.S.C. § 371. The government charged each of the six named defendants with three underlying offenses committed in furtherance of the conspiracy: illegal transportation of aliens in violation of 8 U.S.C. § 1324(a)(1)(B); illegal concealment of aliens in violation of 8 U.S.C. § 1324(a)(1)(C); and detention of aliens in order to compel payment of ransom in violation of 18 U.S.C. § 1203(a). Bonilla-Guillen was also convicted of harboring aliens in violation of 8 U.S.C. § 1324(a)(1)(C). Each was found not guilty of detaining for ransom, and the jury failed to return a verdict on whether Linarez-Raygoza was guilty of harboring. The theory of the prosecution was that the defendants had conspired to smuggle the aliens across the border, and then when the aliens failed to pay the fee demanded for smuggling them, the defendants had kidnapped one of them, Gomez-Garcia, and held him as a hostage for the smuggling fee.
 
 
 3
 Both appellants argue that the district court's limitations on their cross-examination of government witnesses violated their sixth amendment rights. In addition, Linarez-Raygoza argues that the district court erred in refusing to repeat its earlier instruction concerning witness credibility at the close of the trial. For the reasons discussed below, we affirm both convictions.
 
 
 4
 I. Standards of Review.
 
 
 5
 Whether the trial court has violated the confrontation clause is reviewed de novo, but the review recognizes the "considerable discretion" of the trial court. United States v. Jenkins, 884 F.2d 433, 435 (9th Cir.), cert. denied, 493 U.S. 1005 (1989). "We review the district court's decision to limit cross-examination for an abuse of discretion, considering whether the 'jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991) (quoting Skinner v. Cardwell, 564 F.2d 1381, 1389 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978)). We review the trial court's determination on the timing of jury instructions for abuse of discretion. See United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), cert. denied, 479 U.S. 1086 (1990).
 
 
 6
 II. Restrictions on Cross-Examination.
 
 
 7
 The trial court narrowly limited cross-examination of the prosecution witnesses. The defense was not allowed to ask the prosecution witnesses with whom they lived, and whether one of them, Gomez-Garcia, was supporting another, Arrellano-Rosas. The answers would have shown that they were roommates and Gomez-Garcia was supporting Arrellano-Rosas, implying opportunity and motivation to coordinate their stories. Likewise, objections were sustained to questions exploring opportunities for coordination of stories when the witnesses visited the prosecutor. The defense was not allowed to prove that criminal charges against Gomez-Garcia's brother were being dropped in exchange for Gomez-Garcia's testimony.
 
 
 8
 One of the kidnappers took the hostage's shoes. The hostage, Gomez-Garcia, said the kidnapper told him the shoes would be of no use to him anymore, which might imply that he would be killed. Ortega-Estrada, one of the other smuggled aliens, testified that the kidnapper said he took the shoes "because his feet stunk," which makes no sense. The judge sustained objections to questions about when Gomez-Garcia got his shoes back. The answers might have implied that Gomez-Garcia's shoes were taken in a moment of temper or as a temporary measure to prevent him from escaping from the house rather than as a serious death threat.
 
 
 9
 These rulings are troubling, because credibility was important, and the witnesses had motive and opportunity to coordinate stories and to say what the government hoped to hear. We have meticulously examined the transcript of the entire trial to determine whether, in the context of the whole proceeding, the trial court abused its discretion.
 
 
 10
 Cross-examination to show bias and ulterior motives is a constitutional right, subject to the trial judge's broad discretion to preclude repetitive interrogation. Davis v. Alaska, 415 U.S. 308, 316-17 (1974). The test of whether the trial court has abused its discretion in restricting cross-examination is whether, notwithstanding the limitation, the jury nevertheless has sufficient information to make a discriminating appraisal of the question before it. United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991). "As long as a jury is provided 'sufficient information [overall] to appraise the bias and motives of [a] witness,' we have generally not found the trial court to have abused its discretion." Lewy v. Southern Pac. Transp. Co., 799 F.2d 1281, 1298 (9th Cir.1986) (quoting United States v. Ray, 731 F.2d 1361, 1364-65 (9th Cir.1984)).
 
 
 11
 We conclude that the trial judge did not abuse his discretion for two reasons. First, the jury did learn the critical facts showing motive and opportunity to coordinate false stories. The defendants were permitted to show that the government witnesses were all from the same town in Mexico and had been friends for many years, that the government had agreed to give them work permits and not to prosecute them as illegal aliens in exchange for their testimony, and that they had repeatedly travelled together to the prosecutor's office to talk with him. The excluded information would not have added much.
 
 
 12
 Second, the defense attorneys did not make offers of proof, and the trial judge did not have the opportunity we do of perusing the transcript of a completed trial to tease out the possible implications of the questions, so he may not have known what evidence the defendants sought to elicit or why it was valuable enough to justify the time it would take to get it. Federal Rule of Evidence 611(a)(2) requires the court to exercise reasonable control over the mode of interrogation so as to "avoid needless consumption of time." A multidefendant case with repetitive questioning by attorneys for different defendants tends to be time-consuming. While some trial judges use time limits per side or per party to avoid needless consumption of time, others use restrictive rulings on admissibility.
 
 
 13
 III. The Instruction.
 
 
 14
 At the beginning of the trial, after the jury had been sworn, the district court gave the jury a number of instructions. Among them was this one, on informers:
 
 
 15
 You should consider the status of a witness. If the witness is an informer for the Government, or an accomplice or participant in the commission of the crime charged, you should view such testimony cautiously, and weigh its probative value with great care; carefully considering whether the interest of the informer or accomplice is such as to effect [sic] his or her believability.
 
 
 16
 Linarez-Raygoza requested that the court repeat this instruction in its final instructions to the jury prior to deliberations, but the court refused.
 
 
 17
 Linarez-Raygoza now argues that the district court's failure to repeat this instruction violated Federal Rule of Criminal Procedure 30. That rule, however, gives the trial court discretion to instruct the jury "before or after the arguments are completed or at both times." In United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), cert. denied, 479 U.S. 1086 (1990), the trial judge refused to give a contemporaneous instruction concerning the relevance of a witness' guilty plea, but did give an appropriate instruction during the final charge. We held that the judge did not abuse his discretion by giving the instruction only at the end of the trial.
 
 
 18
 Here the trial court gave a credibility instruction at the beginning of the trial. In addition, the issue of witness credibility was in the foreground throughout the trial. The witnesses' immunity deals were brought out in both direct and cross examination, and defense counsel challenged the witnesses' credibility during closing argument. Finally, the final charge to the jury included both a caution to the jurors that they need not accept the statements of witnesses and a reference to the earlier set of instructions. Under these circumstances, we see no abuse of discretion in the district court's refusal to repeat the instruction.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3